UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMERALD BAY FUNDING, INC., a California corporation; EMERALD BAY FINANCIAL, INC., a California corporation,<br><br>    Plaintiffs,<br><br>vs.<br><br>SHAWN HUDSPETH; DEVIN STODDARD; THE SOLUTION FUND, a California corporation; SOLUTION FUNDING, INC., a California corporation; SOLUTION FINANCIAL, INC., a California corporation; DOES 1 through 50, inclusive,<br><br>    Defendants. | CASE NO. 06cv2361 WGH (WMc)<br><br>**ORDER**<br><br>(Doc. # 44) |

HAYES, Judge:

    The matter before the Court is the Motion to Amend Complaint to Substitute Wesley Hoaglund for Defendant Doe 1 (Doc. # 44) filed by Plaintiffs on May 16, 2007. Plaintiffs move the Court for an order permitting an amendment to the First Amended Complaint (Doc. # 21) to substitute Wesley Hoaglund in place of Defendant Doe 1, a fictitiously named defendant. Plaintiffs allege that they learned during discovery "that Wesley Hoaglund was involved as one of the principals in the formation, ownership, and management of the three corporate defendants coinciding with [Defendant Shawn] Hudspeth's departure from plaintiffs' employ." (Mem. Supp. Mot. Amend Compl. at 4.) In light of his alleged "substantial

involvement" in some of the activities alleged in the First Amended Complaint, Plaintiffs request leave to amend to substitute Wesley Hoaglund in place of Defendant Doe 1 pursuant to Federal Rule of Civil Procedure 15(a). (*Id.* at 5.) Defendants have not filed an opposition to Plaintiffs' Motion.

Rule 15 of the Federal Rules of Civil Procedure mandates that leave to amend "be freely given when justice so requires." Fed. R. Civ. P. 15(a). This policy is applied with "extraordinary liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). Once an answer to the complaint has been filed, as is the case here, courts may deny leave to amend where the proposed amendment would be futile, where it is sought in bad faith, where it will create undue delay, or where "undue prejudice to the opposing party will result." *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973); *see also Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992); *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991). In federal question cases, such as this one, natural persons may be substituted in place of fictional Doe defendants by way of amendment pursuant to Rule 15. *See Motley v. Parks*, 198 F.R.D. 532, 533 (C.D. Cal. 2000).

Having reviewed the Motion and the supporting documents, and having received no opposition from Defendants, the Court **GRANTS** Plaintiffs' Motion to Amend Complaint to Substitute Wesley Hoaglund for Defendant Doe 1 (Doc. # 44). Plaintiffs shall file a second amended complaint which substitutes Wesley Hoaglund for Defendant Doe 1 **no later than August 20, 2007**.

DATED: July 31, 2007

                                              **WILLIAM Q. HAYES**
                                              United States District Judge